UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SALVADOR V. PORTILLO,
Plaintiff

v.

ROBERTO CASTILLO, d/b/a of R&C
CLEANING SERVICES,
Defendants

Case Number: 05-10600 RCL

## ANSWER OF DEFENDANT ROBERTO CASTILLO, d/b/a R&C CLEANING SERVICES

### INTRODUCTION

1  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the "Introduction" section of plaintiff's complaint.

### JURISDICTION AND VENUE

2. Defendants admit the allegations of paragraph 2 of the "Jurisdiction and Venue" section of plaintiff's complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the "Jurisdiction and Venue" section of plaintiff's complaint.

### PARTIES

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the "Parties" section of plaintiff's complaint.

2. Defendant Roberto Castillo admits to being a natural person and doing business as R&C Cleaning Services, and denies the remaining allegations of paragraph 2 of the "Parties" section of plaintiff's complaint.

3. Defendant R&C Cleaning Services admits to being a Massachusetts entity and denies the remaining allegations of paragraph 3 of the "Parties" section of plaintiff's complaint.

4. Defendants admit that at all relevant times defendants had employees handling materials that have been moved in or produced for commerce by any person. Defendants deny the remaining allegations of paragraph 4 of the "Parties" section of plaintiff's complaint.

5. Defendants admit the allegations of paragraph 5 of the "Parties" section of plaintiff's complaint.

6. Defendants admit the allegations of paragraph 6 of the "Parties" section of plaintiff's complaint.

7. Defendants deny the allegations of paragraph 7 of the "Parties" section of plaintiff's complaint.

8. Defendants deny the allegations of paragraph 8 of the "Parties" section of plaintiff's complaint.

<u>CLAIM: VIOLATION OF FAIR LABOR STANDARDS ACT:</u>

9. Defendants repeat and reallege their answers to paragraphs 1 through 8 of the "Parties" section of plaintiff's complaint as if fully set forth herein in its entirety.

10. Defendants admit the allegations of paragraph 10 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

11. Defendants deny the allegations of paragraph 11 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

12. Defendants deny the allegations of paragraph 12 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

13. Defendants deny the allegations of paragraph 13 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

14. Defendants deny the allegations of paragraph 14 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

15. Defendants deny the allegations of paragraph 15 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

16. Defendants deny the allegations of paragraph 16 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

17. Defendants admit the allegations of paragraph 17 of the "Claim: Violation of Fair Labor Standards Act" section of plaintiff's complaint.

**WHEREFORE,** the Defendants deny that the plaintiff is entitled to any of the relief he seeks in his complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's action is barred as it has not been brought within the time specified by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendants state that prior to the commencement of this action, plaintiff and defendants arrived at an accord and satisfaction of the plaintiff's claim.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that prior to the commencement of this action, defendants duly paid, satisfied, and discharged the alleged claim of the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that plaintiff's action is barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that plaintiff's action is barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMTIVE DEFENSE

And further answering, the defendants state that plaintiff's action is barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that plaintiff's action is barred, in whole or in part, by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that plaintiff's action is barred, in whole or in part, by the doctrines of Res Judicata and Collateral Estoppel.

## TENTH AFFIRMATIVE DEFENSE

And further answering, defendants state that service of process was insufficient.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant herein, defendants acted in good faith.

DEFENDANTS ROBERTO CASTILLO, d/b/a R&C CLEANING SERVICES HEREBY DEMAND A TRIAL BY JURY.

                                                      Respectfully submitted,

                                                      The defendants,
                                                      ROBERTO CASTILLO, d/b/a R&C
                                                      CLEANING SERVICES
                                                      by their attorney,

*/s/ Leslie Lockard*
Leslie Lockard, BBO# 550101
Gaffin Krattenmaker & O'Connor, P.C.
2400 Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
(617) 437-6530