UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALVADOR V. PORTILLO,<br>    Plaintiff,<br><br>v.<br><br>ROBERTO CASTILLO, d/b/a of R & C<br>CLEANING SERVICES,<br>    Defendants | Civil Action No. 05-10600RCL |

## JOINT STATEMENT

The Plaintiff states his positions and appends an excerpt from Defendant's Counsel setting forth its position; additionally Plaintiff sets for the parties' oral agreements as to deadlines:

Plaintiff says:

1. Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201. et seq., in knowingly allowing Plaintiff to work overtime, but in paying him only his regular wage rate for his overtime compensation from February 1, 2001 to April 25, 2003. Within the last three years time Plaintiff alleges he initially suffered five thousand three hundred and ten dollars ($5,310.00) in damages on account of Defendants' violations of the FLSA.

2. Thereafter, upon investigation by the Massachusetts Attorney General's Office, Defendant admitted to violating the law, but only by underpaying the Plaintiff one thousand seven hundred and thirty two dollars ($1,732.00) of a total amount

actually owed to the Plaintiff of more than three times said amount. Defendant thereafter made payment of the smaller sum to the Plaintiff. Defendant continues to owe the Plaintiff three thousand five hundred and seventy eight dollars ($3,578.00) for unpaid overtime.

3. Defendant admits the violation, but claims it was not willful and that therefore Plaintiff may recover only two years, not three years back from the date of filing. It says it believed it could mutually agree with Plaintiff to pay him only straight pay for overtime work, and therefore it cannot be determined to be willful. Hence, Defendant says, since all the violations occurred between two and three years ago, the Plaintiff cannot recover anything from the Defendant.

4. Plaintiff denies that the Defendant's violation was innocent or negligent. Plaintiff says Defendant full well knew that its payment of only straight time to the Plaintiff for overtime hours violated the law and that an agreement to violate the law was itself unlawful. Alternatively, Plaintiff says, even if Defendant's violation was initially negligent and/or innocent, the Defendant was made aware of its violation of the law by Massachusetts governmental authorities, and elected only to rectify it in part, not wholly, and hence cannot claim that his violation was ultimately either innocent or negligent.

5. Furthermore, Plaintiff says, if Defendant believed it acted lawfully and only later learned it had not acted lawfully, the statute of limitations commence to run from the date Defendant learned and/or should have known its conduct had been

unlawful.

Defendant has not provided the Plaintiff with a statement to insert in this Memorandum.[1] Presumably it will file a separate statement; however, its position has been set forth in a letter to Plaintiff's Counsel, a redacted copy of which is appended hereto.

Additionally, Plaintiff says that his Counsel and Defendant's Counsel orally agreed as follows:

1. To exchange written discovery requests within sixty days;

2. To notice all depositions within one hundred and fifty days; and

3. To file any dispositive motions within sixty days after the close of discovery.

The parties have exchanged settlement demands and offers, and not reached agreement. The parties do not consent to the trial of this case by a Magistrate.

The Plaintiff appends his certification hereto. His Counsel certifies that he has conferred with his client regarding the costs of litigation and the possible resolution of this litigation through the use of an alternative dispute resolution program, and regarding the possibility of settlement of this dispute.

Respectfully submitted,
By Plaintiff's Attorney,

---

[1] Plaintiff's Counsel advised the Defendant he would be out of town for depositions on Tuesday, and to appear before the Second Circuit Court of Appeal on Wednesday and Thursday, and would therefore require its submission last week. No submission has by this date been provided.

Mark D. Stern
BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
(617) 776-4020
*Fax (617) 776-9250*
Email:sternbarker@att.net

Dated: September 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the above document on the plaintiff by mailing a courtesy copy, first class, postage prepaid to:

> Jennifer Hartunian
> Leslie Lockhard
> Graffin Krattenmaker & O'Connor, P.C.
> 2400 Prudential Tower
> 800 Boylston Street
> Boston, MA 02199-8001

Signed: _____
Mark D. Stern



C.G. KRATTENMAKER, JR.
MICHAEL A. GAFFIN
MARY WINSTANLEY O'CONNOR
ANDREW BRANZ
KENNETH INGBER
LESLIE LOCKARD
JENNIFER HARTUNIAN

OF COUNSEL
LINDA G. LEFFERT

September 6, 2005

**Via facsimile (617) 776-9250 to:**
Mark D. Stern, Esq.
34 Liberty Avenue
Somerville, MA 02144-2022

Re:   Salvador Portillo v. Roberto Castillo, d/b/a R&C Cleaning Services
      District Court Case No. 05-10600
      Our File No. 6314

**CONFIDENTIAL LETTER FOR PURPOSES OF SETTLEMENT,
NOT TO BE ADMISSIBLE AT TRIAL**

Dear Attorney Stern:

*[redacted]*

In the two-year statutory limitation period, there would be only one month in which Mr. Portillo potentially was not paid and he did not work overtime in those weeks. The three-year statute of limitations applies only in unusual circumstances. The plaintiff bears the burden of establishing a "willful" violation of the overtime requirements of the FLSA so that the three-year statute of limitations applies. The standard for willfulness is whether the employer "knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Mere awareness of the overtime requirements in the FLSA does not prove willfulness. *Reich v. Newspapers of New England*, 44 F.3d 1060 (1st Cir. 1995); *Andrews v. DuBois*, 888 F. Supp. 213 (D. Mass. 1995). Recklessness "involves more than mere awareness of the existence of a governing federal law, or negligence in complying with it, yet less than 'voluntary,' 'deliberate,' or 'intentional' conduct. *Legoff v. Trustees of*

{00023683.DOC}

2400 Prudential Tower · 800 Boylston Street · Boston, Massachusetts · 02199-8001
Tel 617-437-8530 · Fax 617-437-9419 · www.gkboston.com



GAFFIN
KRATTENMAKER &
O'CONNOR, P.C.
ATTORNEYS AT LAW

September 6, 2005
Page 2

*Boston Univ.*, 23 F. Supp. 2d 120, 125 (D. Mass. 1998). "Deliberate indifference to the requirements of the law, requirements that the employer 'should have known' about, may be willful, while **'good faith but incorrect conduct'** is not. *Id.* (emphasis added). "The *Richland Shoe*" Court, however, expressly rejected a negligence standard of liability." *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 681 (1st Cir. 1998); *see also Cheng v. Ideassociates, Inc.*, 2000 WL 1029219 (D. Mass. 2000) ("Conduct is willful when there is deliberate indifference to legal requirements, but not when there is good faith and merely negligent conduct."); *Lukacinsky v. Panasonic Service Co.*, 2004 WL 2915347 (D. Mass. 2004) ("An employer's actions cannot be deemed willful simply for knowing that [the FLSA] was 'in the picture,' or that it was potentially applicable, when it committed the challenged act.").

Mr. Portillo came to Mr. Castillo wanting to work more hours. Mr. Castillo told the plaintiff that he could not afford to pay him overtime. The plaintiff told Mr. Castillo he did not care about that because he just needed more hours, and would agree to be paid straight time. Thus, Mr. Castillo gave plaintiff more hours and paid him straight time, believing that the parties' mutual agreement to pay straight time was controlling.

To prove willfulness, you will have to prove that Mr. Castillo either *knew* that mutual agreements do not waive overtime requirements or that Mr. Castillo showed *reckless disregard* as to whether mutual agreements can waive overtime requirements. We do not believe that you can establish either -- Mr. Castillo did not know the law with respect to mutual agreements, nor was he aware of a potential risk that mutual agreements do not waive overtime requirements. If anything, Mr. Castillo's misunderstanding of the law amounts to negligence - while he was aware of the overtime requirements of the FLSA, he believed (albeit erroneously) that parties could mutually agree to waive them. Conduct based on a misunderstanding of the law ("good faith but incorrect conduct") amounts to negligence. It is therefore very unlikely that the three-year statute of limitations will apply in this case.

Please discuss the foregoing with your client and let me know if this offer is acceptable.

Very truly yours,

Jennifer Hartunian

cc: Roberto Castillo
Ed Sullivan
Atty. Leslie Lockard