UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SALVADOR V. PORTILLO.
    Plaintiff,

v.

ROBERTO CASTILLO, d/b/a of R & C
CLEANING SERVICES,
    Defendants

Civil Action No. 05-10600R(

## JOINT STATEMENT

The Plaintiff states his positions and appends an excerpt from Defendant's Cour setting forth its position; additionally Plaintiff sets for the parties' oral agreements as to deadlines:

Plaintiff says:

1.     Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, et seq., in knowingly allowing Plaintiff to work overtime, but in paying hi only his regular wage rate for his overtime compensation from February 1, 2001 April 25, 2003. Within the last three years time Plaintiff alleges he initially suffered five thousand three hundred and ten dollars ($5,310.00) in damages on account of Defendants' violations of the FLSA.

2.     Thereafter, upon investigation by the Massachusetts Attorney General's Office, Defendant admitted to violating the law, but only by underpaying the Plaintiff or thousand seven hundred and thirty two dollars ($1,732.00) of a total amount

actually owed to the Plaintiff of more than three times said amount. Defendant thereafter made payment of the smaller sum to the Plaintiff. Defendant continu[es] to owe the Plaintiff three thousand five hundred and seventy eight dollars ($3,578.00) for unpaid overtime.

3. Defendant admits the violation, but claims it was not willful and that therefore Plaintiff may recover only two years, not three years back from the date of filin[g]. It says it believed it could mutually agree with Plaintiff to pay him only straigh[t] pay for overtime work, and therefore it cannot be determined to be willful. Her[e], Defendant says, since all the violations occurred between two and three years a[go] the Plaintiff cannot recover anything from the Defendant.

4. Plaintiff denies that the Defendant's violation was innocent or negligent. Plain[tiff] says Defendant full well knew that its payment of only straight time to the Plai[ntiff] for overtime hours violated the law and that an agreement to violate the law wa[s] itself unlawful. Alternatively, Plaintiff says, even if Defendant's violation was initially negligent and/or innocent, the Defendant was made aware of its violatio[n] of the law by Massachusetts governmental authorities, and elected only to rectif[y] in part, not wholly, and hence cannot claim that his violation was ultimately eith[er] innocent or negligent.

5. Furthermore, Plaintiff says, if Defendant believed it acted lawfully and only late[r] learned it had not acted lawfully, the statute of limitations commence to run fro[m] the date Defendant learned and/or should have known its conduct had been

unlawful.

DEFENDANT SAYS

There was a period of time when, because of a misunderstanding of the law on part of both parties, the plaintiff was incorrectly compensated for overtime worked by him. However, no such instance occurred during the two-year statutory limitation per This action is governed by the two-year statute of limitations provided in 29 U.S.C. § 255. The complaint in this action was filed on March 29, 2005, and thus any claim fo unpaid overtime compensation which accrued prior to March 29, 2003 is time-barred. Where the plaintiff's employment with Mr. Castillo ended on April 25, 2003, the plain f is only entitled to unpaid overtime compensation owing, if any, for any overtime work from March 29, 2003 to April 25, 2003. It is Mr. Castillo's position that the plaintiff not work any overtime hours during this four-week period, and hence no overtime payments are due and owing to the plaintiff.

Mr. Castillo's misunderstanding about overtime compensation before the two-y r limitation period does *not* constitute a willful violation, such that the plaintiff is entitle o a three-year limitations period under 29 U.S.C. § 255. The three-year limitation perio an extraordinary remedy to be applied only in egregious cases. Mr. Castillo's misunderstanding of the law does not rise to the level of willfulness, as that standard been construed in *McLaughin v Richland Shoe Co.*, 486 U.S. 128 (1988) and in subsequent cases.

DISCOVERY PLAN AND SCHEDULE FOR THE FILING OF MOTIONS

1. All interrogatories and requests for production of documents shall be served and answered by no later than December 12, 2005; all requests for admissions shall be served and responded to by February 13, 2006. Interrogatories and requests for admissions shall be limited to 25, and document requests limited to two sets, unless leave of court is obtained to serve more;

2. All depositions shall be completed by February 13, 2006. Depositions will not exceed one day of seven hours without leave of court;

3. All dispositive motions shall be filed by March 13, 2006; and

4. Pre-trial conference shall be scheduled for April 24, 2006 or as soon thereafter the Court's schedule permits.

CERTIFICATIONS AND OTHER MATTERS

The parties have exchanged settlement demands and offers, and not reached agreement.

The parties do not consent to the trial of this case by a Magistrate.

The Plaintiff parties shall file separate certifications regarding alternative dispute resolution programs pursuant to Local Rule 16.1(D)(3). Plainitff's Counsel certifies that he has conferred with his client regarding the costs of litigation and the possible resolution of this litigation through the use of an alternative dispute resolution program and regarding the possibility of settlement of this dispute.

Plaintiff anticipates filing a motion to amend to add a pendant state law claim o claims.

| | |
|---|---|
| Respectfully submitted,<br>Plaintiff,<br>SALVADOR PORTILLO,<br>by his attorney | Respectfully submitted,<br>Defendant,<br>ROBERTO CASTILLO, d/b/a/ R&C<br>CLEANING SERVICES,<br>by his attorneys, |
| /s/ Mark D. Stern<br>Mark D. Stern, BBO#479500<br>34 Liberty Avenue<br>Somerville, MA 02144<br>(617) 776-4020<br>617) 776-4020<br>*Fax (617) 776-9250*<br>Email:sternbarker@rcn.com | /s/ Leslie Lockard<br>Leslie Lockard, BBO#550101<br>Jennifer Hartunian, BBO#660902<br>Gaffin Krattenmaker & O'Connor, P.C.<br>2400 Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 437-6530 |

Dated: September 16, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the above document on the plaintiff by mailing a courtesy copy, first class, postage prepaid to:

>Jennifer Hartunian
>Leslie Lockhard
>Graffin Krattenmaker & O'Connor, P.C.
>2400 Prudential Tower
>800 Boylston Street
>Boston, MA 02199-8001

Signed /s/ Mark D. Stern
Mark D. Stern